**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Carolyn and Avroham Deutsch, :<br><br>              Plaintiffs, :<br>    v. :<br><br>USAA Savings Bank; and DOES 1-10,<br>inclusive, :<br><br>           Defendants. : | Civil Action No.:  _____ |

## COMPLAINT

Plaintiffs, Carolyn and Avroham Deutsch, say by way of Complaint against

Defendant, USAA Savings Bank, as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

### PARTIES

3.      Plaintiffs, Carolyn and Avroham Deutsch ("Plaintiffs"), are adult individuals

residing in Lakewood, New Jersey, and each is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant USAA Savings Bank ("USAA"), is a Texas business entity with an

address of 9800 Fredericksburg Road, San Antonio, Texas 78288, and is a "person" as defined

by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual employees and/or agents employed by USAA and whose identities are currently unknown to the Plaintiffs.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      USAA at all times acted by and through one or more of the Agents.

## FACTS

7.      Within the last year, USAA placed calls to Plaintiffs' respective cellular telephones at numbers 646-xxx-7664 and 646-xxx-3634.

8.      At all times referenced herein, USAA placed calls to Plaintiffs' cellular telephones by using an automated telephone dialer system ("ATDS").

9.      When Plaintiffs answered the phone, they were met with a period of silence followed by an automated click at which point the call would connect Plaintiffs to a USAA operator.

10.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

11.     On or around November 27, 2015, Plaintiffs spoke with USAA and demanded that all calls to their cellular telephones cease.

12.     Nonetheless, the calls persisted.  The Plaintiffs have requested that the calls cease on multiple and numerous occasions.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

13.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein, Defendants called Plaintiffs on their cellular telephones using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Defendants' telephone systems have all the earmarks of a Predictive Dialer.

17.     When Plaintiffs answered Defendants' calls, they were met with a period of silence before Defendants' telephone system would connect them to the next available representative.

18.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.     Defendants placed calls to Plaintiffs' cellular telephones using an automated telephone dialer system knowing that it lacked consent to call their numbers in light of revocation. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     Plaintiffs are entitled to an award of $500.00 per call in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 7, 2016

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Phone: (917) 981-0849
Fax:    (888) 953-6237

4